## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOE REDMON )<br>2418 Churchill Road )<br>Silver Spring, MD 20910 )<br>　　　Plaintiff, )<br>　　　　　　 )<br>　　　　　　 ) **Case No.: 1:18-cv-2864**<br>　　　v. )<br>　　　　　　 )<br>　　　　　　 )<br>YMCA of METROPOLITAN WASHINGTON )<br>1112 16th Street, N.W., Suite 720 )<br>Washington, D.C. 20036 )<br>　　　Defendant. )<br>_____ ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Joe Redmon (hereinafter "Plaintiff" or "Mr. Redmon"), by and through his undersigned counsel, and files this, his Complaint against Defendant YMCA of Metropolitan Washington (hereinafter "Defendant" or "YMCA"), and respectfully shows this Court as follows:

## NATURE OF COMPLAINT

1.      Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.      This action seeks declaratory relief, liquidated and actual damages for Defendant's unlawful employment practices on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964 42 USC §§ 2000e, et seq. (hereinafter "Title VII").

## JURISDICTION AND VENUE

3.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-5(f).

4.     This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

5.     Pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

6.     Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

7.     Defendant YMCA is qualified and licensed to do business in the District of Columbia, and at all times material hereto has conducted business within this District.

## ADMINISTRATIVE PROCEDURES

8.     Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against YMCA alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et. seq.*, and the Rehabilitation Act, identified as EEOC Charge No. 570-2018-02879.

9.     Plaintiff has exhausted all of his administrative remedies.

10.    On or about May 2018, Plaintiff submitted a Form 5 Charge to the EEOC alleging that YMCA violated Title VII of the Civil Rights Act of 1964, as amended, due to discrimination based upon national origin and retaliation for filing a complaint of national origin, a protected activity.

11.    The EEOC issued a "Notice of Right to Sue" on September 6, 2018, entitling an action to be commenced within ninety (90) days of receipt of that notice.

12.     This action has been commenced within ninety (90) days of Mr. Redmon's receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

13.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

14.     Plaintiff was employed by Defendant as an Aquatic Coordinator.

15.     At all times relevant, Plaintiff (Male) acted in supervisory capacity to multiple female lifeguards.

### Sexual Harassment Allegations

16.     On or around April 30, 2018, Mr. Redmon was accused of making comments of a sexual nature to a female lifeguard.

17.     During the April 30, 2018 meeting, Plaintiff denied ever making any statements of a sexual nature to any female lifeguard.

18.     Defendant placed Mr. Redmon on administrative leave in relation to the allegations.

19.     On or around May 4, 2018, four days later, Defendant informed Mr. Redmon that he would terminated effective immediately.

20.     Mr. Redmon was never informed of the identity of his accuser.

### Failure to Investigate

21.     Despite their continuing duty to investigate and address the allegations, Defendant conducted virtually no investigation of the allegations.

22.     Defendant conducted a cursory interview of Plaintiff and never gave him a fair opportunity to defend himself without detailed knowledge of the accusations against him.

23.     Defendant does not have a defined policy on how complaints of sexual harassment should be investigated.

24.     Defendant failed to consider legitimate ulterior motives in a subordinate of Plaintiff making a complaint of harassment as another subordinate previously made an unfounded complaint of sexual harassment against Plaintiff.

25.     Plaintiff had issued several write ups of his female subordinates prior to the accusations. Upon information and belief, Defendant believes that a female subordinate conjured up false allegations in order to retaliate against Plaintiff for write ups Plaintiff issued.

**Disparate Treatment – Gender Discrimination**

26.     Defendant took the word of female subordinates of Defendant without conducting a full and complete investigation.

27.     In contrast, Defendant never treated female employee with the same reckless indifference as they treated Plaintiff.

28.     Defendant did not protect the rights and reputation of Plaintiff in the manner that they protect female employees.

<u>**COUNT ONE**</u>
Gender Discrimination
42 U.S.C. § 2000e-2(a)(1)
*(Male)*

29.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

30.     Plaintiff has exhausted his administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

31.     Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

32.     At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the District of Columbia within the meaning of 42 U.S.C. § 1983.

33.     Plaintiff is a member of a protected class, as he is a male.

34.     Defendant discriminated against Plaintiff because of his gender in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating or failing to prevent the gender-based harassment alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

35.     This conduct and other incidents of disparate treatment described above were because of Plaintiff's gender, and Plaintiff did not see Defendant treat the female employees in the manner he was being treated.

36.     The harassment directed at Plaintiff was either intended to cause him severe emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress he has suffered relating to the conduct of Defendant.

37.     Due to Defendant's actions, Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering and such impact is on-going and permanent in nature.

38.     Plaintiff has incurred lost wages and loss of career opportunity, now and into the future, without Plaintiff contributing any negligence thereto.

39.     Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's employment.

40.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *respondeat superior*.

41.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant institute a policy and procedure to be implemented against discrimination;

b. Supervisory training for the supervisors at issue herein;

c. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein; and

d. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

e. Award lost wages;

f. Award back pay and benefits, with interest;

g. Award future wages;

i. Award reasonable attorney fees, costs, and expenses incurred for this action;

j. Award equitable, declaratory, and injunctive relief;

k. Award differential in salary compared to similarly-situated male counterparts; and

l. Award such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

42.     Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Dated:  December 6, 2018

Respectfully submitted,

/s/ Reshad Favors
Reshad Favors (D.C. Bar #1034316)
THE MOSAIC LAW FIRM PLLC
1629 K Street, NW Suite 300
Washington, DC  20006
(202) 508-8249
reshad.favors@themosaiclawfirm.com

*Counsel for Plaintiff*